IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LENEXA HOTEL, L.P., ) | Case No. 16-22172 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**DECLARATION OF STEPHEN J. CRAIG, IN SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

I, Stephen J. Craig, declare as follows:

1. I am the president of Ventura Hotel Corporation, sole general partner of Lenexa Hotel, L.P. ("Debtor"). In this role, I am familiar with Debtor's day-to-day operations, business and financial affairs, and books and records.

2. I have been an executive in companies that have collectively owned and operated 110 hotels in 25 states. I have also been a member of the Board of the International Association of Holiday Inns (IAHI) for eight years. I have been nationally recognized for excellence in the field of hospitality ownership and management for over 35 years. I have been involved in the management of the hotel operated by the Debtor for over 38 years.

3. In order to minimize the deleterious effects of this chapter 11 filing and to maximize the value to creditors, the Debtor has requested various forms of relief in the first-day pleadings and motions described below ("First Day Pleadings"). I am familiar with the First Day Pleadings and the relief sought in the First Day Pleadings is necessary to minimize the harmful disruptions of the chapter 11 filing and promote the effective reorganization of the Debtors and to serve the best interest of the estate and creditors.

4. Except as indicated, the facts set forth below are based on my personal knowledge

or review of the relevant documents in the possession of Debtor or information supplied by other members of Debtor's management team. If called on to testify, I would testify satisfactorily to the information set forth herein.

**Background**

5. On November 1, 2016, (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. as amended (the "Bankruptcy Code"). Debtor continues to operate its business and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. Debtor owns and operates a hotel at 12601 West 95th Street, Lenexa, Kansas 66215 (the "Hotel"). Debtor is a Kansas limited partnership that was originally formed in 1982. After formation, Debtor acquired the Hotel, which had been operating at the site since construction in 1971. The hotel has operated under various brands throughout its history, and currently operates under a franchise agreement with Holiday Hospitality Franchising, Inc. ("Holiday") under the Crowne Plaza brand.

7. Debtor is engaged in a lawsuit with Holiday originally initiated by Complaint on December 10, 2012, and refiled via Complaint filed on August 4, 2015 in the United States District Court for the District of Kansas under case number 2:15-cv-09196-KHV-JPO (the "Holiday Suit"). The Complaint seeks "damages for breach of contract, breach of fiduciary duty as Debtor's reservation agent, and for a declaratory judgment and equitable relief for ongoing breaches of contractual and fiduciary duties created by a license agreement dated May 13, 2008 (the "CPLA") between Debtor and Holiday–a nine-brand global hotel franchisor." (Complaint, at 1).

8.      Debtor has approximately 60 full-time and 15 part-time employees.  Debtor's main secured creditor is CoreFirst Bank, which is owed principal of $15,178,297, plus accrued interest, and has a mortgage on the Debtor's real estate and a blanket security interest on rents and substantially all of Debtor's property.  The real estate is also subject to second and third mortgages in the aggregate approximate amount of $13,540,471.00 that secure loans made by insiders.

**Banking System**

9.      Debtor has two deposit accounts at CoreFirst Bank ("Bank Accounts").  First, there is an operating account with account number ending in 9567 receives all the debits from operating account checks, authorized ACH payments made to Vendors such as Coca Cola, US Foods, etc. The account also receives debits for credit card fees, normal bank fees, and chargebacks. This account, on an as-needed basis, will fund the Lenexa Hotel, L.P. payroll account which is a zero-balance account.  The account receives credits from all credit card transactions, and daily deposits of cash and checks. If a loan is approved from Ventura Hotel Corporation, the funds are transferred from the Ventura Hotel Corporation to this account internally via online banking.

10.     Second, there is a payroll account with account number ending in 9435.  This payroll account receives all debits from payroll checks cut from ADP, authorized ACH debits for payroll taxes, garnishments and monthly bank fees. Funding is sent automatically from the operating account. There are no checks on property to this account. Any "manual" checks cut between normally scheduled payrolls are cut out of the operating account and journalized accordingly.

11.     Cash transfers from Debtor's operating account are sent to SJC V LLC first via

online banking. The transactions are marked to apply to Management and/or Technical Service Agreement ("TSA") Fees, which are earned by these entities in exchange for management, oversight, and related services for the Debtor. The funds received by SJC V LLC from Lenexa Hotel, L.P. are credited to the management, accounting, and TSA fees charged monthly by SJC V LLC. In the past, any other amounts paid to SJC V LLC over and above these fees were considered a loan to SJC V LLC. SJC V LLC understands that any post-petition transfers will be subject to various bankruptcy rules and procedures. Once SJC V LLC receives funds from Lenexa Hotel, L.P., SJC V LLC can use the funds received for their own expenses and/or transfer all or a portion of the funds received to another entity for their cash needs. These other entities include SJC IV LLC; SJC III LLC; SJ Craig I, LLC; SJC II Inc; and SJC VII LLC, for a few intermittent checks cut each year and usually once a month to cover bank fees for the entities. Stephen J. Craig is the president of all of these entities.

12. Debtor funds regular payments to SJC V LLC in the amount of $16,666.67 on the 7th and 22nd of each month. These payments represent management fees, accounting fees, and fees under the TSA (collectively, "Management Fees") under which SJC V, LLC provides management and technical services to the Debtor. Debtor believes these management and technical services fees are fair, reasonable and within customary ranges for the industry. SJC V, LLC, in turn, transfers funds for the Management Fees to SJC III, LLC, which in turn remits funds directly to Stephen J. Craig. Debtor hereby requests authority to continue to make distributions for these Management Fees.

13. From time to time, Lenexa Hotel, L.P. will transfer funds back to the Ventura Hotel Corporation operating account to cover monthly bank fees or checks that Ventura Hotel Corporation has written since Ventura Hotel Corporation does not have any incoming cash

except when capital contributions are made.

14. In addition, Debtor utilizes ADP to assist with its payroll, benefits, and related payments to employees ("Payroll Payments"). The employees are managed by an affiliated entity called SJC V, LLC, but Lenexa Hotel (with the assistance of ADP) makes all Payroll Payments directly to employees, benefits providers, and taxing authorities.

15. Debtor requests approval to make certain prepetition wage and related payments to avoid interruptions of crucial payments to employees, as more full set forth in the Motion for Order Authorizing Payment of Pre-Petition Wages, Salaries, Reimbursable Employee Expenses, Other Employee Benefits and Insurance Premiums, filed contemporaneously with this Motion. Debtor also requests maintenance of current banking systems to ensure all payments to vendors are processed in a timely fashion, as the majority ongoing payments to vendors are made through electronic processing from the Debtor's current deposit account. Any interruption in services utilized by hotel guests could have an immediate and deleterious effect on guest's experience at the hotel, which could dim the chances of reorganization.

16. The continued provision of the payroll systems and vendor payments is critical to the Debtor's ability to maintain ongoing business operations and reorganize its business.

17. Without the continued, uninterrupted service of Debtor's vendors, Debtor's operations will suffer and Debtor's ability to both reorganize and maximize the value of its assets will be jeopardized.

**Main Creditors and Events Leading up to the Bankruptcy Filing**

18. CoreFirst Bank ("CoreFirst") is believed, pending a final review by Debtor, to have a valid and perfected security interest in certain of Debtor's property, including but not limited to accounts receivable, other personal property, and the Debtor's real property (the

"Collateral"). Proceeds of the Collateral constitute Cash Collateral. A number of other parties are believed to have secured claims, most in specific pieces of equipment, including Debtor's, but these parties do not have my interest in Debtor's cash or cash equivalents.

19. The current amount due and owing to CoreFirst is principal in the amount of $15,178,297, plus accrued interest.

20. Debtor also has a number of secured creditors or equipment lessors with security interests in specific pieces of the Debtor's equipment.

21. Prior to the filing, Debtor engaged in long-terms negotiations with CoreFirst, which resulted in a forbearance agreement. The prior forbearance agreement has now expired.

**Support for First Day Pleadings**

22. I have reviewed the other pleadings filed contemporaneously with this Declaration. To the best of my knowledge, information and belief, the facts alleged in those pleadings are true and correct, and I would so testify if called as a witness. In addition, I note that the Debtors will suffer immediate and irreparable harm if the "first day" relief requested in those pleadings is not granted. Accordingly, I support the relief requested therein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 1, 2016

                                              s/ Stephen J. Craig
                                              Stephen J. Craig